evidence. The case has again been argued before this court as though a review could again be had on weight of evidence, but under the well-settled rule this court will not examine into a finding of fact by the Supreme Court farther than to ascertain whether there is any legal evidence to support it. Our examination satisfies us that there was ample evidence for the board and the Supreme Court to base their findings upon; and we find no prejudicial error in the admission or rejection of evidence or in other rulings by the trial body.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ.    9.

*For reversal*—None.

———

PETER KOZAREZSKI, DEFENDANT IN ERROR, v. JOHN C. DUNN, TRADING, &c., PLAINTIFF IN ERROR.

Submitted March 24, 1913—Decided May 9, 1913.

On error to the Supreme Court, in which court the following *per curiam* was filed:

The facts in this case show that the plaintiff was employed by the defendant to pull out strips of oilcloth from drying racks and rolling them. This was done by a machine consisting of a single bar three or four inches thick, around which the cloth was wound. This roller was moved by power from overhead by means of a lever which operated the clutch. When the bar was vertical the clutch was disconnected, but when it was thrown over the clutch would engage and the roller revolve, drawing out and winding up the cloth. The

plaintiff was injured by having his hand drawn between the cloth and the roller because, as he claims, the machine started of its own accord on account of some defect which he attributes to a worn leather in the clutch, and that the defendant knew this condition and promised plaintiff to repair the defect. It also appeared that plaintiff received instructions how to operate the machine. He testified that it started once or twice of its own accord previous to the accident, and that a day or two before he was injured and asked the foreman to repair it, and upon a promise to repair being given he returned to work.

There was other proof that the machine was out of order when operated by another, who testified that the clutch was worn which allowed the machine to slip, and that he had tried to repair it but could not.

The point first argued is directed to an exception based upon the refusal of the court to nonsuit or direct a verdict.

The motion to nonsuit was rested upon the claim that there was no evidence to show that the injury was caused by any defect, and that the machine might have been started by a Mr. Stanley, whose duty it was to put on the clutch.

The evidence on this point from the plaintiff is that Stanley did not have his hand on the lever, but he did take hold of it after plaintiff had called upon him to stop the machine. Under this situation there was no error in the refusal to nonsuit.

The motion for a direction was put upon the ground that the only proof that the machine was defective was the injury, plus the statement that the machine started itself, without undertaking to account for that starting.

There is nothing in this point; the evidence was clear that the machine at times started of its own accord, which would not happen if it was in good order, and that this had been called to the attention of the defendant who promised to repair, but did not. It is true that Stanley, who was an employe of and a witness called by the defendant, testified that after he and the plaintiff had arranged the roll of carpet for

the plaintiff to feed the roller he, the witness, went there and started the machine, and as plaintiff screamed "I turned around, I saw it without his screaming, and stopped the lever." This, however, is a contradiction of plaintiff that the machine started of its own motion, but this only raises a question of fact, because the plaintiff testified that Stanley did not start the machine, and the jury seem to have believed the plaintiff; at any rate this would not be a case for the direction of a verdict.

No other errors were argued, and having concluded that the nonsuit and motion to direct were properly refused, the judgment should be affirmed.

For the plaintiff, *Stackhouse & Kramer*.

For the defendant, *Edward Ambler Armstrong* and *Wynn Armstrong*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the *per curiam* opinion of the Supreme Court.

NOTE.—In this case no check list was filed by the court.—REP.